UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

    v.

Elena Lev Polukhin,

        Defendant.

**ORDER AMENDING JUDGMENT**
Criminal No. 15-261 ADM/BRT

---

John E. Kokkinen, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Rachel K. Paulose, Esq., DLA Piper LLP, Minneapolis, MN, and Robert D. Richman, Esq., St. Louis Park, MN, on behalf of Defendant.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Elena Lev Polukhin's ("Polukhin") Motion to Reduce Restitution Amount [Docket No. 70] and Motion to Correct Motion to Reduce Restitution Amount [Docket No. 71], and Plaintiff United States of America's (the "Government") Motion to Amend Judgment [Docket No. 72]. For the reasons stated below, Polukhin's Motions are denied and the Government's Motion is granted.

## II. BACKGROUND

On March 9, 2016, Polukhin, a licensed physician, entered a plea of guilty to soliciting and receiving kickbacks in violation of 42 U.S.C. § 1320a-7b(b)(1)(A). Change of Plea Hr'g [Docket No. 39]; Plea Agreement [Docket No. 40] ¶ 1. Polukhin admitted that she knowingly received kickbacks from Best Aid Pharmacy ("Best Aid"), which was owned and managed by

co-defendant Boris Rabichev ("Rabichev"), in return for writing prescriptions for topical pain-relief creams to patients who were Medicare and Medicaid beneficiaries. Plea Agreement ¶¶ 1–2. Polukhin would refer the patients to Best Aid to have their prescriptions filled. Id. ¶ 2. Best Aid would then submit claims for reimbursement to Medicare and Medicaid plans for the prescriptions that Polukhin had written and Best Aid had filled. Id. ¶ 2. In return for Polukhin's referring patients to Best Aid to have their pain-relief cream prescriptions filled, Best Aid made payments to a charitable trust controlled by Polukhin. Id.

On June 6, 2016, the Court sentenced Rabichev to a term of 18 months in custody followed by a two-year supervised release term. See United States v. Rabichev, 15-cr-263, Sentencing J. [Rabichev Docket No. 27] at 2–3. The sentence ordered Rabichev to pay restitution in the amount of $621,733.72, jointly and severally with another co-defendant, Richard Wayne Custer ("Custer"). Id. at 5–6. Of this amount, $421,329.19 was also joint and several liability with Polukhin. Id. at 6. The sentencing judgment further required Rabichev to make a lump sum payment of $28,000 "due immediately," and to pay the remaining balance of $593,733.72 in installment payments. Id. at 6. Rabichev failed to make the $28,000 lump sum payment immediately as ordered.

On December 28, 2016, the Court sentenced Polukhin to a custodial term of 18 months followed by a one-year term of supervised release. Sentencing J. [Docket No. 60] at 2–3. In addition, the Court ordered payment of restitution in the amount of $421,329.19, to be owed jointly and severally with co-defendants Rabichev and Custer. Id. at 6–7. The sentencing judgment specified the amounts Polukhin owed to each of her sixteen victims, including $52,387.85 to UCare and $133,913.79 to Minnesota Department of Human Services ("DHS").

Id. at 8–9. The sentencing judgment further ordered Polukhin to make a lump sum payment of $421,329.19—the entire amount of her restitution—no later than January 9, 2017. Id. at 7.[1]

On January 12, 2017, Polukhin filed a Motion to Reduce Restitution Amount, seeking a $28,000 reduction in the amount she was ordered to pay. Polukhin argues that had Rabichev made the $28,000 lump-sum payment ordered by the Court, the total amount due from Polukhin for which she is jointly and severally liable would have been reduced by this amount. She contends that if she now pays the restitution in full as ordered by the Court, Rabichev will be rewarded for failing to pay the $28,000 the Court ordered him to pay "immediately."

On January 13, 2017, Polukhin filed a Motion to Correct Motion to Reduce Restitution Amount to correct mathematical errors in her initial Motion and to clarify that she is requesting that her restitution amount to be reduced to $393,329.19. The Government opposes Polukhin's Motions, arguing there is no basis for amending her sentence and judgment on grounds that Rabichev has failed to make his ordered payment.

In addition to responding to Polukhin's Motions, the Government has filed a Motion to Amend Pursuant to Federal Rule of Criminal Procedure 36. The Government seeks to amend the judgment against Polukhin based on calculation errors in the amounts she owes to DHS and UCare. Due to the Government's calculation errors, the judgment overstates the amount she owes DHS by $106,336.67, and understates the amount she owes UCare by $131,273.95. Pl.'s Mem. Supp. Mot. Amend [Docket No. 73] Ex. 1 (Boschee Aff.) ¶¶ 5–12. When both errors are accounted for, the total restitution amount ordered in the judgment is $24,937.28 less than it

---

[1] The requirement that all restitution be paid by this date was generated from Polukhin. At sentencing, counsel argued that Polukhin's immediate payment of restitution in full demonstrated her extraordinary acceptance of responsibility and cooperation and justified a lighter sentence. See Def.'s Position Regarding Sentencing [Docket No. 51] at 34–35.

should have been.

The Government acknowledges that the total amount of restitution that Polukhin must pay under her sentence cannot be increased. Thus, the Government does not ask the Court to increase Polukhin's total restitution. However, the Government does request that corrections be made to the amounts allocated to DHS and UCare under the restitution order.[2]

### III. DISCUSSION

**A. Polukhin's Motions to Reduce Restitution**

Polukhin contends that her total restitution amount should be reduced by $28,000—the amount co-defendant Rabichev failed to pay—which would result in an amended restitution amount of $393,329.19. Polukhin has cited to no authority for the proposition that a defendant's joint and several restitution obligation may be reduced based on a co-defendant's failure to pay restitution as ordered. Thus, Polukhin's request for a $28,000 reduction to her restitution amount is denied.

However, the Court will amend the restitution payment schedule to defer payment of $28,000 until Polukhin has completed her prison term. Notwithstanding the modification of the payment schedule, Polukhin remains jointly and severally liable with her co-conspirators for the total amount of $421,329.19 in restitution as ordered at her sentencing.

---

[2] The mathematical correction to the amount Polukhin owes to UCare results in a total amount owed of $183,661.80. Increasing the allocation to UCare by that amount would result in an increase to the overall restitution amount. Therefore, the Government requests that UCare's allocation be increased to only $158,724.52 to ensure that the overall restitution amount is consistent with the amount pronounced at sentencing.

**B. Government's Motion to Amend Pursuant to Federal Rule of Criminal Procedure 36**

The Government requests that the Sentencing Judgment be amended to correct the mathematical errors in the amounts allocated to DHS and UCare.  In making this request, the Government concedes that the time for altering the total amount of restitution imposed under Polukhin's sentence has expired under Federal Rule of Criminal Procedure 35(a)(1).[3]  The Government further acknowledges that the other circumstances under which a sentence of restitution can be modified, amended, or adjusted under 18 U.S.C. § 3664(o) do not apply to the request for reallocation of the restitution amounts Polukhin owes to her victims.[4]  Nevertheless,

---

[3] Rule 35(a) provides that a correction to a sentence based on an arithmetical error may be made "[w]ithin 14 days after sentencing." Fed. R. Crim. P. 35(a)(1).  Polukhin's sentencing occurred on December 28, 2016, and the 14-day period during which the Court had jurisdiction to amend her sentence under Rule 35(a) expired on January 11, 2017.  The motion to correct the allocation amounts was filed on January 20, 2017.  See Mot. Amend [Docket No. 72].

[4] Title 18, Section 3664(o) of the United States Code provides:

> A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that–
>
> (1) such a sentence can subsequently be–
>
>     (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
>
>     (B) appealed and modified under section 3742;
>
>     (C) amended under subsection (d)(5); or
>
>     (D) adjusted under section 3664(k), 3572, or 3613A; or
>
> (2) the defendant may be resentenced under section 3565 or 3614.

the Government argues that reallocation of the restitution amounts is authorized under Rule 36 of the Federal Rules of Criminal Procedure, because the reallocation will not increase the total amount of restitution imposed at sentencing.

Polukhin opposes the Government's motion to the extent that it seeks to increase the amount she owes to UCare.[5]  She argues that such an increase will alter her substantive rights and is therefore not permitted unless the Government can satisfy 18 U.S.C. § 3664(d)(5).

Rule 36 permits a court, "at any time," to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  A correction of a clerical error occurs when the modification of a judgment "neither affects a party's substantive rights nor contradicts the court's and the parties' intentions as to the judgment."  United States v. Crawley, 463 F. App'x 418, 421 (5th Cir. 2012).  Courts consistently hold that a if a correction to a restitution order does not increase the total amount of restitution imposed at sentencing, the defendant's rights are not substantively affected.  See id. at 422 (holding that where corrected judgments did not increase amount of restitution defendant owed, defendant's "sentence remained unchanged [and] her substantive rights were not affected"); United States v. Portillo, 363 F.3d 1161, 1165 (11th Cir. 2004) (holding that an amendment to a restitution order that does not alter the total restitution amount constitutes a "clerical" correction).  Thus, if a correction to a restitution order merely changes the identity of the restitution recipients or the allocations owed to such recipients and does not increase the total amount of restitution owed, Rule 36 is the appropriate mechanism for making the correction.  See Crawley, 463 F. App'x at 420, 422 (holding that Rule 36 provided the proper means for

---

[5] Polukhin agrees that the amount of restitution she owes to DHS should be reduced.

correcting errors in the allocation of restitution between payees); Portillo, 363 F.3d at 1165 (holding that amendment of a judgment under Rule 36 was proper where the amendment merely changed the identity of the restitution payees and did not increase the restitution amount initially imposed at sentencing).

Here, the proposed amendment to the Sentencing Judgment merely reallocates the amount of restitution to be paid to DHS and UCare, and does not increase the total amount of restitution ordered. As a result, Polukhin's sentence remains unchanged and her substantive rights are not be affected. Therefore, the amendment corrects a clerical error and is authorized under Rule 36. The Government's request to amend the Sentencing Judgment to correct the allocation of restitution will be granted.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Elena Lev Polukhin's Motion to Reduce Restitution Amount [Docket No. 70] and Motion to Correct Motion to Reduce Restitution Amount [Docket No. 71] are **DENIED**;

2. Plaintiff United States of America's Motion to Amend Judgment [Docket No. 72] is **GRANTED**; and

3. Polukhin's Sentencing Judgment [Docket No. 60] shall be amended as follows:

    a. The "Schedule of Payments" shall specify that of the $421,329.19 in restitution owed by Polukhin, payment of $393,329.19 is due immediately, and the remaining balance is deferred until Polukhin has completed her prison term;

    b. the amount owed to UCare is $158,724.52; and

      c.      the amount owed to Minnesota Department of Human Services is $27,577.12.

BY THE COURT:

      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: March 8, 2017.